JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

David J. Lubofsky

## DEFENDANTS

Government of Guam;
Government of Guam Retirement
Fund

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Law Offices of Gorman & Gavras, P.C.
2nd Floor, J&R Building
208 Route 4; Hagatna, Guam 96910

ATTORNEYS (IF KNOWN)

**04-00031**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Other labor entries:
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

Torts (Personal Injury continued):
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

RECEIVED
JUN 25 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title VII   Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
6-25-04

SIGNATURE OF ATTORNEY OF RECORD
A. [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

A. Alexander Gorman, Esq.
**LAW OFFICES OF GORMAN & GAVRAS**
A Professional Corporation
2ND Floor, J & R Building
208 Route 4
Hagatna, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

**Attorneys for Plaintiff**
**DAVID J. LUBOFSKY**

DISTRICT FILED
COURT OF GUAM
JUN 25 2004
MARY L. M. MORAN
CLERK OF COURT

## IN THE U.S. DISTRICT COURT

## OF GUAM

| | |
|---|---|
| DAVID J. LUBOFSKY, | CIVIL CASE NO. **04-00031** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR RACIAL EMPLOYMENT DISCRIMINATION** |
| vs. | **[42 U.S.C. §2000e];** |
| GOVERNMENT OF GUAM; GOVERNMENT OF GUAM RETIREMENT FUND | **BREACH OF STATUTORY & IMPLIED CONTRACT; and NEGLIGENCE** |
| Defendants. | |
| _____ / | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff DAVID J. LUBOFSKY, and by way of his Complaint, alleges as follows:

### JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,1343, & 1367 and 42 U.S.C. § 2000e.

2. Within 180 days after the alleged unlawful employment practice hereinafter set forth, the Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC § 2000e-5, and on or after April 6, 2004, less than 90 days prior to the filing of this Complaint,

ORIGINAL

the Plaintiff received a Notice of Right to Sue from the Commission with respect to

Plaintiff's charges as set forth below (a copy of which is attached as an Exhibit).


## PARTIES

3.      Plaintiff DAVID J. LUBOFSKY at all relevant times was and is a resident

of Guam and was employed by the Defendant at all relevant times herein.

4.      At all times material herein, Defendant GOVERNMENT OF GUAM was

and is a public entity organized and existing under the laws of and in the Territory of

Guam, as a territory of the United States of America, and pursuant to the Organic Act of

Guam, and has its principal place of business in the Territory of Guam within this

judicial district.  Furthermore, and at all relevant times, this Defendant is and has been

a covered entity under the 42 USC §2000e(a) & (b).

5.      At all times material herein, Defendant GOVERNMENT OF GUAM

RETIREMENT FUND was and is a public entity and an autonomous agency organized

and existing under the laws of and in the Territory of Guam as a territory of the United

States of America, and pursuant to the Organic Act of Guam, and has its principal place

of business in the Territory of Guam within this judicial district.  Furthermore, and at all

relevant times, this Defendant is and has been a covered entity under the 42 USC

§2000e(a) & (b).

6.      At all times mentioned herein, Defendant GOVERNMENT OF GUAM and

Defendant GOVERNMENT OF GUAM RETIREMENT FUND engaged in an industry

affecting commerce and they each employ in excess of fifteen (15) employees and at

all relevant times, any such relevant employees were acting within the course and scope of their employment, and as such, each Defendant is fully liable for all the acts of it's employees under the doctrine of Respondeat Superior.

7.      Defendant GOVERNMENT OF GUAM is legally obligated to provide retirement benefits to its employees.  Defendant GOVERNMENT OF GUAM RETIREMENT FUND is legally obligated to administrate the retirement benefits for all GOVERNMENT OF GUAM employees.

8.      Plaintiff is informed and believes and thereupon alleges, that each of said Defendants and its employees are jointly and severally liable as the principal, officer, agent, master, servant, employer, employee and partner of each of the other Defendants and was in doing the acts complained of herein, acting within the scope of his, her or its said agency, employment or partnership.

9.      At all times material herein, 42 U.S.C. §2000e et. seq. has been fully in force and effect and binding upon Defendants.  Such section requires Defendants to refrain from violating the rights of any of its/their employees.

## BACKGROUND

10.      Prior to his wrongful termination, Plaintiff DAVID J. LUBOFSKY has been employed by the Defendant GOVERNMENT OF GUAM in the Department of Education, a line agency of the GOVERNMENT OF GUAM, as a Department of Education School Psychologist and is an employee within the meaning of 42 U.S.C. §2000e(f).

11.      Furthermore, Plaintiff DAVID J. LUBOFSKY is a Caucasian male.

3

## FIRST CAUSE OF ACTION FOR TITLE VII RACIAL DISCRIMINATION VIOLATIONS AGAINST BOTH DEFENDANTS

12.     Plaintiff incorporates by reference paragraphs 1 through 11, above.

13.     On or about May of 2001, Defendant GOVERNMENT OF GUAM hired Plaintiff as an employee of said Defendant.

14.     On or about January, 2003, Plaintiff suffered a debilitating work injury. Plaintiff is certified as permanently medically disabled by his doctors and is unable to perform his job functions.

15.     On or about March 2003, Plaintiff applied for medical disability retirement benefits. At the time Plaintiff applied for medical disability retirement benefits, he was medically qualified for, and legally entitled to, such benefits.

16.     Sometime after March 2003, the Defendants denied Plaintiffs application for medical disability retirement benefits allegedly on the basis that no Department of Education employees were eligible for retirement benefits due to a lack of funding. However, between March 2003 and November 2003, Defendant GOVERNMENT OF GUAM RETIREMENT FUND processed and approved the retirement benefits applications of 46 other people, all of non-Caucasian descent. During this same period, Defendant GOVERNMENT OF GUAM RETIREMENT FUND further denied the retirement benefits application of another white male applicant.

17.     Therefore, the Defendants wrongfully, intentionally and willfully denied Plaintiff his lawfully entitled medical disability retirement benefits, thereby injuring Plaintiff in his employment based on his race.

18.     The effect of the intentional and wrongful denial of medical disability retirement benefits complained of above has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected his status as an employee because of his race.

19.     Furthermore, as a proximate result of the Defendants' intentional and wrongful conduct, Plaintiff suffered and continues to suffer from the loss of medical disability retirement benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

20.     As a further direct and proximate result of the intentional and wrongful conduct of the Defendants, Plaintiff has been damaged in an amount to be proven at trial.

21.     The Defendant's discriminatory conduct was willful and intentional and was engaged in with malice and reckless indifference to Plaintiff's federally protected rights thereby entitling Plaintiff to exemplary and punitive damages as provided for in 42 U.S.C. § 1981a(b)(1).

## SECOND CAUSE OF ACTION FOR BREACH OF STATUTORY AND/OR IMPLIED CONTRACT AGAINST DEFENDANTS

22.     Plaintiff incorporates by reference paragraphs 1 through 21, above.

23.     At all relevant times, Plaintiff had a statutory and/or an implied contract of employment with Defendants.

24.     When Defendant intentionally and wrongfully denied Plaintiff medical disability retirement benefits to which Plaintiff is entitled pursuant to Guam law, Defendant breached the statutory and/or implied employment contract.

25.     As a proximate result of the Defendants wrongful conduct, Plaintiff suffered and continues to suffer from the loss of employment benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

26.     As a further direct and proximate result of the intentional and wrongful conduct of the Defendant, Plaintiff has been damaged in an amount to be proven at trial.

### THIRD CAUSE OF ACTION FOR NEGLIGENCE

27.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26, above.

28.     The Defendants and their agents and employees were negligent in their aforementioned conduct towards Plaintiff DAVID J. LUBOFSKY.

29.     As a proximate result of the Defendants' negligence, Plaintiff DAVID J. LUBOFSKY suffered and continues to suffer from loss of employment benefits, other pecuniary losses, past, present and future mental and emotional distress, anguish and inconvenience.

30.     As a further direct and proximate result of the negligence of the Defendants on the aforementioned date, Plaintiff DAVID J. LUBOFSKY has been damaged in an amount to be proven at trial.

## PRAYER

WHEREFORE, Plaintiff DAVID J. LUBOFSKY prays for relief against the

Defendants, jointly and severally, as follows:

1.      In all Counts for General and Special Damages in an amount to be proven

at trial;

2.      In count I for exemplary and punitive damages as provided for in 42

U.S.C. § 1981a(b)(1);

3.      For costs of suit, attorney fees, and pre-judgment interest as provided for

in 42 U.S.C. § 2000e-5; and

4.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial in the above-captioned matter.

LAW OFFICES OF GORMAN & GAVRAS

Date:  June 24, 2003                    BY: _____
                                        A. ALEXANDER GORMAN, ESQ.
                                        Attorneys for Plaintiff
                                        DAVID J. LUBOFSKY

# EXHIBIT

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*Atty: ALEX GORMAN*

## DISMISSAL AND NOTICE OF RIGHTS

To: David J. Lubofsky
Tumon Vista #201
144 Leon Guerrero Drive
Tumon, GU 96913

From: Honolulu Local Office
300 Ala Moana Blvd
Room 7-127
Honolulu, HI 96850

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telpho |
|---|---|---|
| 378-2004-00117 | Glory Gervacio, Investigator | (808) |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Timothy A. Riera, Director

3/31/04
(Date Mailed)

Enclosure(s)

cc    Juan P. Flores
Superintendent of Education
Department of Education
P.O. Box DE
Agana, GU 96932