
DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| DAVID J. LUBOFSKY,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOVERNMENT OF GUAM and GOVERNMENT OF GUAM RETIREMENT FUND,<br><br>    Defendants. | Civil Case No. 04-00031<br><br><br><br>ORDER |

On August 3, 2005, the parties filed a stipulation (Docket No. 16) to continue the trial herein, presently scheduled for September 27, 2005, and all other dates previously set forth in the December 14, 2004 Scheduling Order (Docket No. 11).[1] The parties stated that they were hoping to settle this matter with the Government of Guam Retirement Fund Board of Trustees (the "Board"). However, because the Board was not expected to meet and make a final determination on the Plaintiff's application until September 2005, the parties requested a continuance of the trial and pretrial filings deadlines. The parties stated that they had "previously agreed to hold the . . . litigation in abeyance until such time as the Board would act," and that they "firmly believe that this case will be disposed of on the administrative

---

[1] The December 14, 2004 Scheduling Order established a discovery cut-off date (defined as the last day to file responses to discovery) of June 3, 2005. This date was agreed to by all parties herein.

level." Stipulation, Docket No. 16, at 2.

The proposed Scheduling Order lodged with the court requested that the discovery period be re-opened and that the discovery cut-off date be set at November 25, 2005. Although no specific trial date has been proposed, it would appear that the parties are requesting a trial date sometime in late February 2006.

Pursuant to Rule LR 16.5 of the Local Rules of Practice for the District Court of Guam,

> [a] deadline established by a Scheduling Order will be extended **only upon a good cause finding** by the Court. In the absence of disabling circumstances, **the deadline for completion of all discovery will not be extended unless there has been active discovery. Delayed discovery will not justify an extension of discovery deadlines.** A motion to extend the deadline in a Scheduling Order must demonstrate a specific need for the requested extension, and should be accompanied by a detailed proposed amendment to the previously entered Scheduling Order. **The date for completion of discovery will be extended only if the remaining discovery is specifically described and scheduled, e.g., the names of each remaining deponent and the date, time and place of each remaining deposition.** The Court, in its discretion, may order that the client consent in writing to any continuance proposed by counsel.

Local Rule LR 16.5 (emphasis added).

In addition to the above, Local Rule GR 6.1 provides that

> [n]o continuance shall be granted merely on the stipulation of the parties. If the Court is satisfied that counsel are preparing the case with diligence and additional time is required to comply under these Rules, the parties may move the Court to extend the dates for the obligations imposed under these Rules, upon submission of a timely stipulated motion signed by all counsel setting forth the reasons for the requested continuance. **No continuance will be granted unless the stipulation has been lodged before the date upon which the act was to have been completed** under this Rule.

Local Rule GR 6.1 (emphasis added).

Based on the above rules, the parties' request is not timely. The discovery deadline was set for June 3, 2005. Yet, subsequent to that deadline, the parties are requesting a re-opening of the discovery period, because they agreed – without approval from the Court – to hold the litigation in abeyance. The parties should have filed their request prior to June 3, 2005.

Second, even if the Court were to excuse the tardily submitted request, the stipulation fails to identify the remaining discovery as required by Local Rule LR 16.5. The parties' stipulation fails to set forth the names of each remaining deponent and the date, time and place

of each remaining deposition. The parties do not appear to have engaged in "active discovery." Instead, this is a case of "delayed discovery" which will not justify an extension of the discovery deadline.

While the Court will not re-open the discovery period, the Court will vacate the September 27, 2005 trial and associated pretrial deadlines to permit the parties to attempt to settle this case on the administrative level. Accordingly, trial herein shall be governed by the following schedule:

- Pursuant to Local Rule LR 16.7(b), the parties shall each file a trial brief by **Monday, November 7, 2005**;

- A preliminary pretrial conference shall be held on **Tuesday, November 15, 2005 at 10:30 a.m.**;

- The parties shall each file an Exhibit List in conformance with Rule 16.7(d) of the Local Rules of Practice for the District Court of Guam, Discovery Material Designations, and a Witness List (including potential impeachment and rebuttal witnesses) under separate cover no later than **Tuesday, November 22, 2005**. The Witness List shall also contain a brief description (two to three paragraphs) of each witness's expected testimony;

- Three complete sets of marked and tabbed exhibits in three-ring binders shall be lodged with the Court no later than **Tuesday, November 22, 2005**. A copy of the Exhibit List shall be included in each three-ring binder. The parties shall meet and confer sufficiently in advance of trial and formulate a set of joint exhibits, if possible, to eliminate duplicate exhibits. Those exhibits upon which agreement cannot be reached shall be submitted separately by each respective party.

- If deposition transcripts will be used at trial, the original of said transcripts shall be lodged with the Court no later than **Tuesday, November 22, 2005,** and shall be in conformance with Rule 32.1 of the Local Rules of Practice for the District Court of Guam.

- A final pretrial conference shall be held on **Tuesday, November 29, 2005 at 10:30 a.m.**

///
///
///
///
///
///

- The jury trial shall commence on **Tuesday, December 6, 2005**[2] at 9:00 a.m. before Judge D. Lowell Jensen.[3]

SO ORDERED this _6th_ day of August 2005.

*/s/ Joaquin V.E. Manibusan, Jr.*
**JOAQUIN V.E. MANIBUSAN, JR.**
**U.S. Magistrate Judge**

---

[2] This trial date is within the 18-month time frame contemplated in the Local Rules. Additionally, a December trial date will permit the parties to attempt to settle this action during the Board's September 2005 meeting.

[3] The Honorable D. Lowell Jensen, United States Senior District Judge for the Northern District of California, sitting by designation.